UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES DURY,<br><br>            Plaintiff,<br><br>     v.<br><br>J. CIUFO,<br><br>            Defendant. | Case No.: 1:13-cv-00595-AWI-BAM PC<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 6)<br><br>THIRTY-DAY DEADLINE |

**I.      Screening Requirement and Standard**

Plaintiff Matthew James Dury ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this action brought under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which provides a remedy for the violation of civil rights by federal actors. Plaintiff's first amended complaint, filed on May 6, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is
2  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell
5  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's
6  allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.
7  Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
8  omitted).

9    Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally
10  construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.
11  2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which
12  requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is
13  liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted);
14  Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a
15  defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of
16  satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks
17  omitted); Moss, 572 F.3d at 969.

18    Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a
19  state actor under § 1983 by a federal actor under *Bivens*." Van Strum v. Lawn, 940 F.2d 406, 409 (9th
20  Cir.1991).  Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for
21  damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397.  To state a
22  claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was
23  violated, and (2) that the alleged violation was committed by a federal actor.

24    **II.    Plaintiff's Allegations**

25    Plaintiff is currently housed at the United States Penitentiary Marion in Marion, Illinois.  The
26  events alleged in the complaint occurred while Plaintiff was housed in the United States Penitentiary
27  Atwater in Atwater, California.  Plaintiff names Unit Manager J. Ciufo as the sole defendant.  Plaintiff
28  alleges that Unit Manager Ciufo refused to provide Plaintiff with 25 first class stamps pursuant to

regulations in the month of April 2013.  Additionally, Plaintiff contends that he was forced to sell food and other necessities for postage stamps.  Plaintiff asserts that the failure to provide stamps violates his First Amendment rights because it interferes with his ability to access the courts.

Plaintiff seeks compensatory and punitive damages, along with injunctive relief.

### III.     Deficiencies of the Complaint

Plaintiff's complaint fails to state a cognizable claim.  Plaintiff will be given leave to amend his complaint to cure the deficiencies identified by the Court.  To assist Plaintiff in amending his complaint, the Court provides the following legal standard that applies to his claim.

#### A.  Access to the Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412–15, 122 S.Ct. 2179, 2185–87, 153 L.Ed.2d 413 (2002). A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." Lewis, 518 U.S. at 349–50. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353.

Here, Plaintiff has not alleged any actual injury.  In other words, Plaintiff has not alleged that the failure to receive stamps hindered him from bringing a legal claim or caused him to lose a suit that cannot now be tried.  Plaintiff will be given leave to amend this claim to the extent that he is able.

#### B.  Injunctive Relief

Plaintiff seeks injunctive relief related to the provision of stamps by Unit Manager Ciufo at the United States Penitentiary Atwater.  However, Plaintiff is no longer incarcerated in Atwater.  A request for injunctive relief becomes moot if a prisoner is transferred. Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007) (citing Johnson v. Moore, 948 F.2d 517, 510 (9th Cir.1991) (per curiam)); Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan.25, 2012) (a prisoner's claim for

injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin from harming him).  There is no indication that Plaintiff expects to be transferred back to Atwater.  Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1996).

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim.  As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a cognizable claim;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.</u>

IT IS SO ORDERED.

Dated: **June 13, 2014**          /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE