1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES DURY, | Case No. 1:13-cv-00595-AWI-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COLLECT FILING FEE OR FORFEIT |
| v. | FUTURE COLLECTIONS |
| CIUFO, | (ECF No. 20) |
| Defendant. | |

Plaintiff Matthew James Dury ("Plaintiff") is a federal prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

On July 30, 2014, the assigned Magistrate Judge issued findings and recommendations that this action be dismissed based on Plaintiff's failure to state any claims upon which relief may be granted. (ECF No. 17.) On September 5, 2014, the undersigned issued an order adopting the findings and recommendations in full and dismissing this action for failure to state a claim upon which relief may be granted. (ECF No. 18.) Judgment was entered accordingly the same date. (ECF No. 19.)

On March 2, 2021, Plaintiff filed a "Notice to Court." (ECF No. 20.) Though filed as a "notice," the Magistrate Judge construed this filing as a motion requesting that the Court immediately collect the encumbered balance from Plaintiff's trust account, as well as review the

1

recent ruling in Plaintiff's criminal matter.  The Magistrate Judge denied both requests for lack of jurisdiction.  (ECF No. 21.)

Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals on April 14, 2020.  (ECF No. 22.)  On September 17, 2021, the Ninth Circuit vacated the Magistrate Judge's March 3, 2020 order, because the parties had not consented to proceed before a Magistrate Judge, and remanded for further proceedings.  (ECF No. 25.)  The Ninth Circuit issued its mandate on October 12, 2021.  (ECF No. 26.)

Pursuant to the Ninth Circuit's remand order, the Court reviews Plaintiff's "Notice to Court," which the Court construes as a motion regarding filing fees, filed February 24, 2020.  (ECF No. 20.)

In the motion, Plaintiff states that he has filed 15 cases, including the instant closed case, with this Court for a total of $5,250 in court fees.  Plaintiff states that he currently has $25.36 on his trust account, yet Trust Fund Officer Bell and Warden True refuse to pay this court ordered debt.  Plaintiff states that the Court has 60 calendar days, or until April 20, 2020, to collect the $25.36 from his account or forfeit all future collections of the $5,250 court fees.  Based on attachments to Plaintiff's notice, it appears that the account balance of $25.36 is encumbered towards debts he has agreed to pay, though which debts are not specified, and this encumbered balance is preventing Plaintiff from being placed on indigent status.  Another attachment to the filing appears to be Plaintiff's request for some type of intervention into a recent ruling in a prior or ongoing criminal case.  (*Id.*)

With respect to Plaintiff's trust account balance, Plaintiff is reminded that the Court collects fees based on Plaintiff's monthly income or deposits to his trust account.  Therefore, it is unclear whether the referenced encumbrance is even related to the Court's filing fees.  To the extent Plaintiff is requesting that the Court order prison officials to release the encumbered funds to pay for Plaintiff's filing fees, the Court has no jurisdiction to issue such an order.  A remedy may lie with the prison's administrative grievance process, which it appears Plaintiff has already begun to pursue.

///

2

1    As to Plaintiff's request regarding his ongoing criminal case, the Court also lacks

2  jurisdiction to review orders issued in ongoing or prior criminal actions.  Plaintiff should direct

3  any disagreement with an order entered in that criminal case to the court which issued the order.

4    Accordingly, Plaintiff's motion, (ECF No. 20), is HEREBY DENIED.  This action

5  remains closed.

6

7  IT IS SO ORDERED.

8  Dated:    October 12, 2021

   SENIOR  DISTRICT  JUDGE

3