UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MATTHEW JAMES DURY,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**CIUFO,**<br><br>　　　　　　Defendant. | CASE NO. 1:13-cv-00595-AWI-BAM (PC)<br><br>APPEAL NO. 21-16841<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(Doc. No. 28) |

　　　Plaintiff Matthew James Dury is a federal prisoner who proceeded pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

　　　On July 30, 2014, the assigned magistrate judge issued findings and recommendations, which recommended that this action be dismissed based on Plaintiff's failure to state any claims upon which relief may be granted. Doc. No. 17. On September 5, 2014, the undersigned issued an order adopting the findings and recommendations in full and dismissing this action for failure to state a claim upon which relief may be granted. Doc. No. 18. Judgment was entered on the same date. Doc. No. 19.

　　　On March 2, 2021, Plaintiff filed a "Notice to Court." Doc. No. 20. Though filed as a "notice," the magistrate judge construed this filing as a motion requesting that the Court immediately collect the encumbered balance from Plaintiff's trust account, as well as review the recent ruling in Plaintiff's criminal matter. The magistrate judge denied both requests for lack of jurisdiction. Doc. No. 21.

　　　Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals on April 14, 2020. Doc. No. 22. On September 17, 2021, the Ninth Circuit vacated the magistrate judge's March 3,

1  2020 order, because the parties had not consented to proceed before a magistrate judge, and
2  remanded for further proceedings. Doc. No. 25. The Ninth Circuit issued its mandate on October
3  12, 2021. Doc. No. 26.
4      Pursuant to the Ninth Circuit's remand order, the Court reviewed Plaintiff's "Notice to
5  Court," which the Court construed as a motion regarding filing fees. Doc. No. 20. The motion
6  was denied on October 12, 2021, and this action remained closed. Doc. No. 27.
7      On October 29, 2021, Plaintiff filed a motion regarding the Court's October 12, 2021
8  order. Doc. No. 28. Plaintiff also filed a notice of appeal on November 1, 2021, which was
9  processed by the Ninth Circuit as Case No. 21-16841. Doc. Nos. 29 & 31. The Court construes
10 Plaintiff's latest motion as a motion for reconsideration under Federal Rule of Civil Procedure
11 60(b).
12     Rule 60(b) governs the reconsideration of final orders of the district court. Rule 60(b)
13 permits a district court to relieve a party from a final order or judgment on grounds of: "(1)
14 mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud
15 . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any
16 other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).
17     "[A] motion for reconsideration should not be granted, absent highly unusual
18 circumstances, unless the district court is presented with newly discovered evidence, committed
19 clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc.
20 v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and
21 citations omitted), and "[a] party seeking reconsideration must show more than a disagreement
22 with the Court's decision, and recapitulation" of that which was already considered by the Court
23 in rendering its decision, United States v. Westlands Water District, 134 F. Supp. 2d 1111, 1131
24 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to the
25 Eastern District of California Local Rules, when filing a motion for reconsideration of an order, a
26 party must show "what new or different facts or circumstances are claimed to exist which did not
27 exist or were not shown upon such prior motion, or what other grounds exist for the motion."
28 Local Rule 230(j).

Here, Plaintiff appears only to argue that the Ninth Circuit's remand order mandated that the Court withdraw the funds at issue from his prison trust account. Plaintiff otherwise reiterates the arguments raised in his original motion regarding filing fees or other arguments unrelated to the collection of filing fees.

Having considered Plaintiff's moving papers, the Court does not find that they support relief under Rule 60(b). The Court does not find that Plaintiff presented any new or different facts, circumstances, or evidence such that reconsideration of the prior order and judgment would be appropriate.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. No. 28) is DENIED; and
2. The Clerk of the Court is directed to send a copy of this order to the Ninth Circuit.

IT IS SO ORDERED.

Dated: November 16, 2021          _____
                                                    SENIOR DISTRICT JUDGE

3